ELLIS, County Judge, Respondent, vs. JOHNSON and others, Appellants.

*October 26 — November 15, 1892.*

*Estates of decedents: Breach of administrator's bond.*

The failure of an administrator to make or return any inventory or to administer the estate is a breach of his bond, for which an action may be maintained under subd. 3, sec. 4014, R. S.

APPEAL from the Circuit Court for *Ashland* County.

On November 7, 1887, Henry M. Johnson, domiciled in Ashland county, died intestate. On February 7, 1888, the defendant *Anna M. Johnson* was duly appointed administratrix of his estate, and thereupon ordered to file a bond in the sum of $2,000, and on the same day she, as principal, and the defendants *Mattson* and *Valstead*, as sureties, executed and filed with said county judge a bond, as required by the statute, in the penal sum of $2,000, conditioned to the effect that if the said *Anna M. Johnson* should make and return to said county court within three months thereafter a true and perfect inventory of all the goods, chattels, rights, credits, and estate of said Henry M. Johnson, deceased, which should come to her possession or knowledge, or to the possession of any other person for her, and ad-

minister according to law all the goods, chattels, rights, credits, and estate of said deceased which should at any time come to her possession or to the possession of any other person for her, and out of the same pay and discharge all debts and charges chargeable on the same, or such dividends thereon as should be ordered and adjudged by the said county court, and further should render a just and true account of her administration to said county court within one year thereafter or at any other time when required by said court, and would perform all orders and judgments of said county court, then the said obligation to be void and of no effect, or else to abide and remain in full force and virtue. Within three months after her said appointment and the execution and filing of said bond, a large amount of real and personal property came into her possession, but she failed and neglected to make and return any inventory thereof, and none has ever been made.

Upon due notice given, claims were proved and allowed against said estate by said county court October 30, 1888, to the amount of $610.62. On April 4, 1891, and after more than sixty days had elapsed since the expiration of the time fixed by the court for creditors to present and prove their claims, the said creditors petitioned said county court to prosecute said bond, and the same was ordered accordingly. On April 8, 1891, this action was commenced on said bond against said defendants by service of the summons on them. On April 27, 1891, the defendants appeared in the action by attorneys. On June 17, 1891, the complaint in this action was served on the attorneys so appearing for the defendants. The defendants made default in said action and served no answer or demurrer therein. On October 26, 1891, and upon due notice, judgment was rendered to the effect that the plaintiff, as such county judge, do have and recover of the said defendants $694.87 damages, the same being the aggregate amount found due

the several creditors mentioned, together with the costs and disbursements in this action. From that judgment the defendants appeal.

For the appellants there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins.* They contended that the action is brought under subd. 1, of sec. 4014, because the complaint demands specific relief for the creditors named. If brought under subd. 3, it would be for the benefit of all persons interested in the estate. *Johannes v. Youngs*, 45 Wis. 445.

For the respondent the cause was submitted on the brief of *Rossman & Foster.*

CASSODAY, J.  No objection is made against the action being brought by and in the name of the county judge. In fact, the statute expressly authorized the action to be so brought. Sec. 4015, R. S.  The appeal appears to have been taken upon the theory that the cause of action sought to be alleged in the complaint was a failure of the administratrix to comply with subd. 1 of sec. 4014, R. S., but that the complaint is insufficient for that purpose, since it fails to allege that she had been ordered by the county court to pay any of the creditors or claims therein named, or that any demand had been made upon her to pay the same by any of said creditors or otherwise.  This, however, is a misapprehension of the theory of the complaint.  The cause of action alleged, manifestly, is that the several creditors named in the complaint are aggrieved by the administratrix's maladministration of the estate in failing to perform the duties imposed upon her by the statutes; that is to say, in failing to make and return any inventory of the estate which came into her possession, within the time prescribed, or at all (sec. 3821); and also in failing to administer said estate as mentioned in the foregoing statement.  Such failures operated as a breach of the conditions of the bond,

and authorized a recovery under the third subdivision of sec. 4014.

*By the Court.*— The judgment of the circuit court is affirmed.